# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN-ARAB ANTI-DISCRIMINATION COMMITTEE, 1705 DeSales St., NW, Suite 500, Washington, D.C. 20036<br><br>    *Plaintiff,*<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION, 1300 Pennsylvania Avenue NW, Washington, D.C. 20229<br><br>    *Defendant.* | Civil Action No.: 1:17-cv-00708 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## Introduction

1. This is an action under the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552, seeking unlawfully withheld agency records relating to actions taken by Defendant U.S. Customs and Border Protection ("CBP") to revoke, suspend, or terminate participation in the Global Entry System ("GES" or "Global Entry") for certain Arab and Muslim U.S. Citizens and Lawful Permanent Residents ("LPRs") without any legal justification.

2. Global Entry is a CBP trusted traveler program that allows expedited security clearance and admission for pre-approved, low-risk travelers upon arrival in the United States. Approved GES travelers enter the United States through automatic kiosks at select airports and are normally exempted from the normal interview process.

1

3. Shortly after the November 2016 presidential election, and accelerating significantly following the new administration's rollout of its first attempt at a Muslim travel ban, Plaintiff American-Arab Anti-Discrimination Council ("ADC") began receiving reports that Arabs and Muslims who were previously approved for GES had these approvals inexplicably revoked by CBP.

4. As documented by ADC, and subsequently, by several media outlets, these Global Entry revocations were not isolated incidents. Rather, they are part of a wider pattern in which GES-approved travelers with Arab or Muslim names or ancestry are singled out for revocation in absence of any material change in circumstance or security risk.

5. ADC documented cases of physicians, bankers, students, and businesspeople who are long-time GES participants and who saw their approvals inexplicably and simultaneously revoked.

6. This pattern corresponded with the unexplained, heightened scrutiny—and in many cases, abusive questioning by CBP officials—directed at Arab and Muslim travelers in the wake of the new administration's Muslim travel bans.

7. In early March 2017, ADC filed FOIA requests with CBP seeking records maintained by the agency in relation to Global Entry revocations, suspensions, terminations, confirmations, and policy practices. Specifically, ADC sought:

   a. All agency records relating to each revocation, suspension, or termination of Global Entry System (GES) participation from November 9, 2016 to the date of the agency's response to this request;

   b. All agency records showing the annual total of revocations, suspensions, or terminations of (GES) permissions between January 1, 2012 and November 8, 2016.

   c. All agency records showing reversal or confirmation of CBP's GES revocation decisions by the CBP Ombudsman's office;

d. Any agency policy, practice, memorandum, training, guidance, communication, or other similar record created on or after November 9, 2017 relating to the suspension, revocation, or termination of GES;

   e. Any agency policy, practice, memorandum, training, communication or other similar record created on or after November 9, 2016 that alters, modifies, or in any way affects CBP's prior practices and policies with respect to GES screening, investigation, or revocation; and

   f. Any agency records created on or after November 9, 2016 relating to operation or functioning of the GES program containing any of the following the words or phrases, whether in their singular or plural forms: "Muslim", "Arab", "Ban", "Muslim Ban", or "Travel Ban."

8. ADC sought expedited processing of these requests, citing the urgent need to inform the public about CBP's actions in suspending, revoking, or terminating GES authorization for Arabs and Muslims.

9. CBP has failed to disclose the requested agency records within the time period specified by Congress or offer any meaningful estimate of when these records will become available.

10. Accordingly, ADC seeks declaratory and injunctive relief under the Act to compel DHS to search for and produce the records requested.

**Jurisdiction and Venue**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because ADC brings this action in the District of Columbia.

**Parties**

12.  Plaintiff ADC is a civil rights organization committed to defending the rights of people of Arab descent and promoting their rich cultural heritage. ADC is the largest American-Arab grassroots organization in the United States. Founded in 1980 by former Senator James Abourzek, ADC's objectives include combating stereotypes and discrimination against and affecting the Arab American community in the United States, serving as a public voice for the Arab American community in the United States on domestic and foreign policy issues, and educating the American public in order to promote greater understanding of Arab history and culture. ADC engages in wide-ranging advocacy, education, and organizing to defend and promote human rights and civil liberties of Arab Americans and other persons of Arab heritage.

13.  CBP is an executive agency of the United States government and is responsible for administering the Global Entry program. CBP is an "agency "within the meaning of 5 U.S.C. § 552(f)(1).

14. CBP has custody, possession and control over the records ADC seeks.

**Plaintiff's Requests and CBP Responses**

15.  On March 8, 2017, ADC submitted the FOIA request attached hereto as Exhibit A to CBP via the agency's online FOIA portal.

16. CBP acknowledged receipt of ADC's request on or about March 8, 2017 and assigned it Case Number CBP-2017-037684. Exhibit B.

17. The agency categorized ADC's request as a "perfected non-traveler" request and assigned it to the Simple request track.

18.  On March 9, 2017, ADC submitted a follow-on request correcting and clarifying the date ranges specified the March 8, 2017 request, attached as Exhibit C.

19. CBP acknowledged receipt of ADC's request on or about March 9, 2017 and assigned it Case Number CBP-2017-038185. Exhibit D.

20. Since acknowledging receipt of Plaintiff's requests, CBP has failed disclose records in accordance with the timing limitations set forth by the FOIA

## Claims for Relief

### Count I: Violation of the FOIA - Improper Withholding of Agency Records

21. All previous paragraphs are incorporated as though fully set forth herein.

22. Plaintiff has a legal right under the FOIA to obtain agency records described in the March 2017 requests assigned Case Numbers **CBP-2017-038185** and **CBP-2017-037684.**

23. No legal basis exists for CBP's failure to adequately search for and promptly disclose responsive agency records in accordance with the timing and other requirements of the Act.

24. CBP's failure to make timely, reasonable efforts to search for responsive agency records, and its wrongful withholding of agency records sought in connection with ADC's requests violates the FOIA.

25. CBP's wrongful withholding of the agency records sought in connection with ADC's requests violates the FOIA. 5 U.S.C. §§ 552(a)(3)(A) and 552(a)(3)(C).

26. CBP's failure to timely respond to ADC's requests has constructively exhausted Plaintiff's administrative remedies.

### Count II: Violation of the FOIA – Unlawful Denial of Expedited Processing

27. All previous paragraphs are incorporated as though fully set forth herein.

28. CBP violated the FOIA by constructively denying ADC's expedited processing request.

29. ADC is an organization primarily involved in the dissemination of information.

30. There is an urgent need to inform the public of CBP's documented actions in suspending, revoking, or terminating Global Entry approvals for Arab and Muslim travellers.

31. ADC properly sought expedited processing of both FOIA requests.

32. CBP has failed to process either request within ten (10) business days.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment enter in her favor and against Defendant, and that the Court:

A.   Order Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them, to conduct an expedited, search for records responsive to Plaintiff's requests under the FOIA;

B.   Permanently enjoin and restrain Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them from withholding the agency records at issue in this case;

C.   Order Defendant to produce to Plaintiff on an expedited basis all agency records which are responsive to Plaintiff's requests and not exempt pursuant to FOIA;

D.   Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and,

E.   Award all other relief to Plaintiff that the Court deems just, equitable, and proper.

Date: April 18, 2017                     Respectfully submitted,

/s/ R. Andrew Free
**R. ANDREW FREE, No. 30513**
P.O. Box 90568

        Nashville, TN 37209
        Tel. 844-321-3221
        Fax: 615-829-8959
        Andrew@immigrantcivilrights.com
        *Co-Counsel for the Plaintiff*


        /s/ Gregory H. Siskind*
        Siskind Susser, PC
        1028 Oakhaven Road
        Memphis, TN 38119
        Tel. 901-682-6455
        Fax. 901-339-9604
        gsiskind@visalaw.com
        *Co-Counsel for the Plaintiff*

        *Application for admission forthcoming